IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 09-161 |
| ) | |
| BRANDON CARTER, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Defendant Brandon Carter ("Carter") has a history of violating the conditions of his supervised release, which the court will not recount in full. On multiple occasions, Carter's supervised release has been revoked and he has served additional time in prison (ECF Nos. 147, 162, 173). There are now four pending petitions filed by the probation office, alleging numerous additional violations by Carter (ECF Nos. 226, 229, 251, 275). The probation office and the government argue that Carter's supervision should, again, be revoked and he should be sentenced to another term of imprisonment. These petitions are under active consideration by the court. Carter denied the allegations and the parties presented evidence on April 6, 2023, May 4, 2023, and June 28, 2023. The parties are submitting post-hearing proposed findings of fact and conclusions of law on disputed evidentiary and legal issues.

The issue now before the court involves the extent of Carter's ability to travel and work, including outside the Western District of Pennsylvania, while the petitions are under consideration. In response to the one of the pending petitions, the court issued an arrest warrant, with bond to be set at the discretion of the magistrate judge (ECF No. 230). On March 28, 2023, after a detention hearing, the magistrate judge ordered that Carter be placed on home incarceration. The order stated, in relevant part:

> IT IS FURTHER ORDERED that the following Conditions of Release are imposed IN ADDITION TO ALL PREVIOUSLY IMPOSED CONDITIONS: 1) The Defendant shall submit to electronic monitoring and comply with all requirements as directed. The method of electronic monitoring is at the discretion of the U.S. Probation Office. 2) The Defendant is placed on HOME INCARCERATION. He is restricted to 24- hour-a-day lock-down at his residence except for medical necessities and court appearances or other activities specifically approved by the court.

(ECF No. 239) (emphasis in original). Notably, the magistrate judge did not provide an exemption for work. On June 28, 2023, the court denied Carter's oral request to remove the home incarceration condition (ECF No. 283).

Carter has filed numerous motions requesting windows of release from home incarceration during the pendency of the revocation hearing, primarily asking to work as a videographer. Pending before the court are three such motions (ECF Nos. 284, 287, 289). The government filed responses in opposition to each motion (ECF Nos. 285, 288, 290).

There are two conditions of supervision that are particularly relevant to Carter's motions for windows of release. In February 2023, to resolve an earlier petition to revoke his supervised release, Carter consented to modify his conditions of release to add the following conditions:

> Special Condition: **A defendant's employer must be approved by the United States Probation Office.** Therefore, all documentation of work travel submitted by Mr. Carter must clearly indicate that it is for an approved business entity. **Since Film Shockers is currently the sole approved employer, all documentation must include this business entity.** For example, a document listing employment with "Press Play Weddings" or "Press Play Cinema" is insufficient, while a document listing "Press Play Weddings, a Film Shockers, Inc. business entity" or "Press Play Cinema, a subsidiary of Film Shockers, Inc." would be sufficient. Similarly, the signatures on the employment documentation must be those of an actual, current, and verifiable employee of the approved employer (currently Film Shockers). Upon request, Mr. Carter must supply the identity of the employee and provide contact information for that person, so that, if need be, the accuracy of the documentation may be verified.
>
> Special Condition: **Travel requests continue to require at least 30-days of advance notice**, and continue to require approval by the United States Probation Office prior to the travel.

> Special Condition: Mr. Carter must advise the United States Probation Office of all devices he has access to that do, or can, have access to the internet, and he must provide the United States Probation Office with information regarding his intended use of each device. The United States Probation Office will then specifically advise Mr. Carter which devices and purposes are authorized.
>
> Special Condition: Mr. Carter is not permitted to possess or utilize any electronic device with internet access until he is current with his monitoring payments. Special Condition: For a period of 90 days starting from the Court's approval of this modification, Mr. Carter has a curfew from 9:00 PM until 6:00 AM each day. Electronic monitoring is not required.

(ECF No. 224) (emphasis added).  To summarize: (1) Carter's employer must be approved by the probation office; to date, the only approved employer is Film Shockers; and (2) all travel requests require at least 30 days advance notice.

In denying several of Carter's previous requests, the court reiterated that Carter is required to comply with these conditions.  (*See, e.g.*, ECF Nos. 274, 279).  The court emphasized that these conditions remain in full force and effect on the record at the hearing on June 28, 2023. (ECF No. 283).  Carter was instructed to meet and confer with the probation office with respect to upcoming travel requests.

With that background, the court turns to Carter's pending motions.  Carter's requests for release from home incarceration will be denied because, again, Carter did not meet his burden to establish that the travel would comply with Carter's existing conditions of supervision.  The supporting documentation does not reflect Film Shockers as the employer.[1]  The supporting documentation does not reflect at least 30 days of advanced notice.[2]  Carter did not articulate any reason why he failed to comply with those conditions.  The government notes other flaws (as

---

[1] Carter filed a document purporting to establish that Press Play Cinema is a Pennsylvania limited liability company (ECF No. 286), but there is no evidence that the probation office approved Press Play Cinema as his employer. Carter did not provide any documentation about Press Play Weddings (the purported employer in ECF No. 287-3).
[2] The court received almost no notice.  The motion at ECF No. 284 was filed on June 28, 2023, for travel on July 1, 2023; the motion at ECF No. 287 was filed on July 3, 2023 (the day before a federal holiday), for travel on July 6, 2023; the motion at ECF No. 289 was filed on Friday, July 7, 2023, for travel on July 14, 2023.  In light of the need for a response from the government, the notice from Carter was woefully inadequate.

well as a global opposition to any travel) that the court need not address at this time. Carter is reminded that he is required to comply with all the conditions of his supervision.

Conclusion

For the reasons set forth above, the motions at ECF Nos. 284, 287 and 289 will be denied. Moving forward, Carter and his attorney are again instructed to meet and confer with the probation office and counsel for the government. The parties shall address, at a minimum, the following: (1) all known contracts that will require home incarceration windows through calendar year 2023; (2) whether Press Play Cinema or Press Play Weddings will be an approved employer; (3) contact information for any verifiable employee of an approved employer for Carter or to serve as an adult who has been approved by the probation officer under condition #17; (4) whether an exception should be available for requests made less than 30 days in advance of travel and, if so, under what conditions; and (5) a proposed briefing schedule for any future motions for home incarceration windows that will provide adequate time for the government to respond and the court to rule on such motions.

An appropriate order follows.

Dated: July 11, 2023                                By the court:

                                                     /s/ Joy Flowers Conti
                                                    Joy Flowers Conti
                                                    Senior United States District Judge